UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES ROSENBAUM, | : |
| Plaintiff, | : |
| V. | : CASE NO. 3:05-CV-678 (RNC) |
| DR. NAQUI SYED JOHAR, et al., | : |
| Defendants. | : |

RULING AND ORDER

Plaintiff, proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983 against employees of the Connecticut Department of Correction claiming that they have been deliberately indifferent to his medical needs.[1] The defendants have moved for summary judgment. The plaintiff has not filed and served papers in opposition to the defendants' motion as required by Local Rule 56, despite being given written notice By the Clerk of his obligation to do so.[2] For the reasons that follow, the

---

[1] The named defendants are Dr. Syed Johar Naqvi (who is incorrectly identified in the caption of the complaint as Naqui Syed Johar), Physician's Assistant Kevin McCrystal, Health Services Administrator Richard Furey, Medical Grievance Coordinator Kathleen Weiner, and Nurses Jane Doe 1 and 2.

[2] Soon after the motion for summary judgment was filed, plaintiff mailed a letter to the Clerk's Office dated July 4, 2006, in which he disputed some of the averments contained in affidavits submitted by the defendants in support of the motion. The letters contained no indication that copies had been served on the defendants. Subsequently, on July 12, 2006, the Clerk

motion is granted.

I.  Standard of Review

Summary judgment may be granted when there is no "genuine issue as to any material fact" and the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To withstand a properly supported motion for summary judgment, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). When the opposing party fails to file a response to the motion, the court may accept the movant's factual assertions as true. See D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in [the movant's 56(a)1] statement will be deemed admitted unless controverted . . . ."). However, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004).

---

sent plaintiff a notice describing in detail his obligation to file and serve a proper response to the motion for summary judgment, including his obligation to file and serve a Local Rule 56(a)(2) statement and supporting affidavit. Plaintiff did not respond.

II. Facts[3]

Plaintiff arrived at the Walker Correctional Institution on August 13, 2004, and remained there through the filing of this action in April 2005. In August 2004, he complained of back and knee pain. Dr. Naqvi examined him and prescribed pain medication. In September 2004, Dr. Naqvi examined plaintiff again and prescribed pain medication and a muscle relaxant for plaintiff's back and knee pain. In October 2004, Dr. Naqvi submitted a request to the Utilization Review Committee ("URC") for a referral to an orthopedist. In November 2004, the URC recommended anti-inflammatory medication, activity restrictions and range of motion exercises, and deferred its decision as to an orthopedic consult until it received certain MRI films that had been taken previously.

On November 3, 2004, while Dr. Naqvi's request was pending before the URC, plaintiff filed a grievance complaining that he was not getting prompt medical attention. Defendant Weiner, the medical grievance coordinator, investigated the claim and responded on November 22, 2004, noting that plaintiff had missed a scheduled appointment on November 8, and that his pain medication prescriptions were current through the end of the month. In

---

[3] The facts are taken from defendants' Local Rule 56(a)1 Statement and accompanying affidavits, which are deemed uncontroverted due to plaintiff's failure to file the papers required by Local Rule 56 as directed by the Clerk.

December 2004, plaintiff again complained in writing that his request to see a doctor was being ignored. In January 2005, defendant Furey, the health services administrator, responded that plaintiff had been seen by a physician's assistant in early December and that he could request to be seen at sick call if he had further complaints.

In early December 2004, plaintiff complained to defendant McCrystal, a physician's assistant, that he might have kidney stones. McCrystal advised plaintiff to increase his water intake, and ordered medication. McCrystal also obtained an order for an abdominal x-ray, which plaintiff refused. In March 2005, plaintiff complained of kidney stones again. A nurse provided him with pain medication. On March 14, 2005, he was examined by Mcrystal, who gave him an injection of pain medication. The next day, plaintiff refused a second injection of pain medication.

On March 24, 2005, plaintiff complained that he had a hernia, but refused to be examined by a female nurse. Two weeks later, plaintiff permitted a nurse to examine him and the nurse found no signs of a hernia. The next day, McCrystal reviewed the nurse's findings and concluded that there was no need for a further examination.

On April 11, 2005, Dr. Naqvi noted that plaintiff had no further complaints regarding his knee. Plaintiff did not complain of knee and back pain again until July 2005. At that time, Dr.

4

Naqvi examined plaintiff and prescribed medication for plaintiff's pain. In October 2005, after receiving additional medical records regarding plaintiff's knee condition, Dr. Naqvi resubmitted a request to the URC for an orthopedic consult.

Plaintiff tested positive for Hepatitis C in October 1999. Dr. Naqvi monitored plaintiff's Hepatitis C but did not refer him to an infectious disease specialist. According to Dr. Edward Blanchette, who manages the treatment of infectious diseases for the DOC, Dr. Naqvi's handling of plaintiff's Hepatitis C complied with DOC policy and was appropriate in light of the results of tests performed on plaintiff in 2003 and 2005, which showed marked improvement over the results of prior testing.

III. Discussion

The defendants move for summary judgment on the following grounds: (1) the Eleventh Amendment bars claims for money damages against the defendants in their official capacities; (2) plaintiff cannot prove that they were deliberately indifferent to his medical needs; and (3) they are shielded from liability by qualified immunity.

A. Eleventh Amendment

The Eleventh Amendment prohibits suits for money damages against state employees for conduct performed in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Accordingly, the motion for summary judgment is granted as to the

claims for money damages against the defendants in their official capacities.

B.  <u>Deliberate Indifference</u>

To withstand the motion for summary judgment, plaintiff has the burden of offering sufficient evidence to permit a reasonable jury to find that one or more of the named defendants denied him "treatment needed to remedy a serious medical condition and did so because of deliberate indifference to that need." <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 106 (2d Cir. 2000)(internal quotations omitted). The record does not support such a finding as to any of the defendants named in the complaint. As summarized above, the record shows that defendants Naqvi and McCrystal responded to plaintiff's complaints by examining him, evaluating his condition, giving him medication and referring him to the URC for an orthopedic consultation. The record also establishes that Dr. Naqvi monitored plaintiff's Hepatitis C in accordance with applicable DOC policy and, in doing so, properly relied on test results that showed marked improvement in plaintiff's condition. Plaintiff's claim against the other individuals named as defendants in the complaint – defendants Furey and Weiner – is also unsupported. The record shows that these defendants responded to plaintiff's written complaints in a manner consistent with the

proper discharge of their administrative responsibilities.[4] Since the record does not show a constitutional violation by any of the named defendants, there is no need to reach the issue of qualified immunity.

C.  Jane Doe Defendants

Defendants contend that any claims against the defendants identified in the complaint as Jane Doe 1 and 2 should be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure due to lack of service of process.  The court agrees.  On July 18, 2005, plaintiff was ordered to file an amended complaint within 90 days identifying the Jane Doe defendants.  He was warned that failure to comply with the order could result in dismissal of the claims against them without further notice.  Plaintiff still has not identified the Jane Doe defendants, and plaintiff has not shown good cause for his failure to serve them.  Dismissal of these claims is therefore warranted under Rule 4(m).

IV. Conclusion

Accordingly, summary judgment is hereby granted in favor of

---

[4] In deference to the plaintiff's pro se status, the court has carefully reviewed his correspondence dated July 4, 2006, to determine whether it contains any assertions that could create a genuine issue of material fact with regard to the claims against any of the named defendants.  The correspondence takes issue with some of the statements in paragraphs 9, 13 and 24 of Dr. Naqvi's affidavit, but those statements do not refer or relate to Dr. Naqvi's conduct, and nothing in the correspondence refers or relates to the conduct of any of the other named defendants.  Accordingly, the correspondence does not provide a basis for denying summary judgment.

the named defendants and the claims against them are dismissed with prejudice. The claims against the Jane Doe defendants are dismissed without prejudice. The Clerk may close the file.

So ordered this 25th day of March 2007.


_____/s/_____
Robert N. Chatigny
United States District Judge